# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

April 16, 2018

ADMITTED IN
NY

**Via ECF**

Hon. Arlene R. Lindsey, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

*Re: Liang v. JR Asian Fusion, Inc. et al*
Case No. 2:17-cv-04367-JFB-ARL

Dear Judge Lindsey:

  We represent Plaintiff in the above-captioned matter and submit this letter to the Court with the approval of Kenneth K. Ho, Esq., counsel for Defendants, for the Court's assessment of and approval of the settlement agreement reached by the parties. The Settlement Agreement, executed by the parties, is being submitted contemporaneously with this letter, and the parties submit that the Court should approve the Settlement Agreement and dismiss the case with prejudice because the settlement is a fair resolution of this matter, negotiated in an arm's length negotiation between experienced counsel. A copy of the Settlement Agreement is attached hereto as Exhibit A.

<u>Procedural History</u>

  Plaintiff commenced this action on July 24, 2017 by filing a Complaint against Defendants alleging, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and claims under the NYLL for failure to provide wage notice and wage statements. Defendants filed their answer on August 27, 2017. On September 11, 2017, the Court referred the parties to the Eastern District of New York's court-annexed mediation program.

<u>Background</u>

  Plaintiff alleged in the Complaint that he was employed by Defendants JR Asian Fusion, Inc., Yanyu Chen and Jiaohao Doe as a waiter, from approximately June 23, 2015 through December 3, 2016. Plaintiff was also responsible for cleaning the restaurant and helping with food preparation. Plaintiff alleges that Defendants failed to pay him at the statutory minimum wage, and failed to pay him overtime pay. Plaintiff also contends that Defendants failed to pay him a "spread-of-hours" premium, and failed to provide the notices required by the Wage Theft

Prevention Act. Defendants dispute these allegations, claiming that Plaintiff was absent from work for approximately 130 days of his employment.

### Mediation and Settlement Agreement

Mediation was conducted on January 18, 2018 before Mediator James A. Brown, Esq. As the Court can see from the Settlement Agreement submitted herewith, the parties agreed to settle Plaintiff's claims against Defendants for a total of **Fifty Thousand Dollars ($50,000.00)**, which is inclusive of legal fees and costs. While the final settlement amount is less than Plaintiff's maximum possible recovery, we believe this to be a fair resolution of this matter, due to certain *bona fide* disputes about the value of Plaintiff's claims, and the risks attendant with continuing the litigation.

Plaintiff's maximum possible recovery, including minimum wage and overtime damages, spread-of-hours damages, 100% liquidated damages, prejudgment interest and penalties under the Wage Theft Prevention Act, would total $100,027.49. The $50,000 settlement is approximately 50% of Plaintiff's best-case scenario judgment, a proportion determined to be fair and reasonable by other courts in this Circuit. *See Beckert v. Ronirubinov,* 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation).

By settling now, Plaintiff ensures that he will get much of what he could potentially recover, and he does so without having to wait through months of likely fruitless discovery, then having to face the uncertainty of trial.

### FLSA Settlement Approval

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336. (Citations omitted.) Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be

Hon. Arlene R. Lindsey, U.S.M.J.
April 16, 2018
Page 3 of 5

an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted). Applying these factors, Plaintiff suggests that they weigh strongly in favor of settlement approval.

In considering the uncertainties associated with establishing Plaintiff's overtime hours, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. The settlement will also enable the parties to avoid the burdens and expenses of trial, as well as the litigation risks that always accompany same. The parties settled the matter with the assistance of a skilled mediator with experience in FLSA matters, which further reflects the *bona fides* of the negotiated resolution.

Courts consider settlements fair and reasonable when, as is the case here, they consider the potential risks of litigation. *See e.g.*, *Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, *inter alia*, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation"). Accordingly, this factor supports approving the Settlement Agreement as fair and reasonable.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). In this case, counsel for both parties are experienced wage-and-hour litigators, and they exchanged multiple demands and offers of settlement before settling on the terms of this proposed agreement. The resolution was achieved with the assistance of a skilled mediator. Moreover, prior to entering into the settlement agreement, Plaintiff thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Other factors present do not weigh against a settlement. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiff is no longer employed by Defendants so there is no likelihood that Plaintiff's circumstances will recur. Additionally, this case presents no novel questions of law that would benefit from extensive litigation.

Attorneys' Fees

Pursuant to counsel's retainer agreement with Plaintiff, we will be reimbursed for out-of-pocket expenses of **$400** (filing fee), **$218** (service of process), and **$300** (mediation), and will retain 1/3 of the net settlement (i.e., a total of **$16,360.67** as attorneys' fees).

In total, Plaintiff's counsel expended 15.8 hours in representing Plaintiff, including hours related to the preparation of the settlement agreement and this letter. I am a founding partner of Samuel &

Hon. Arlene R. Lindsey, U.S.M.J.
April 16, 2018
Page 4 of 5

Stein. I have practiced law since 1993, have been admitted in the state of New York since 1994, and I focus my practice almost exclusively on wage-and-hour cases, serving as counsel of record in more than 350 such cases. I am admitted to practice in the Southern and Eastern Districts of New York. My time appears in the chart below under "MS." My regular hourly rate for matters such as these is $400. I believe this hourly rate to be commensurate with other practitioners with a similar amount of experience in my locality who represent clients in matters such as this. My associate, Ruchama L. Cohen, has practiced law since 2015, almost exclusively in the wage-and-hour area. She became licensed to work in the State of New York in January 2016. She is also admitted to practice in the State of New Jersey, the District of New Jersey, and the Southern and Eastern Districts of New York. Her regular hourly rate is $225. Her time appears on the chart as "RC."

Below is a record of all time spent by Plaintiff's counsel on this matter:

| Date | Attorney | Task | Hrs/Qty | Rate/@ | Amount |
| --- | --- | --- | --- | --- | --- |
| 04/02/2018 | RC | Draft fairness letter. | 1.0 | $225.00 | $225.00 |
| 03/07/2018 | MS | review settlement agreement | 0.7 | $400.00 | $280.00 |
| 03/07/2018 | RC | Review settlement agreement and recalculate numbers. | 0.6 | $225.00 | $135.00 |
| 02/13/2018 | RC | Draft settlement agreement. | 0.6 | $225.00 | $135.00 |
| 01/18/2018 | MS | review email from mediator re: settlement agreement | 0.3 | $400.00 | $120.00 |
| 1/18/18 | MS | Attend mediation. | 4.3 | $400.00 | $1,720.00 |
| 01/05/2018 | RC | Draft and send letter with mediation details. | 0.2 | $225.00 | $45.00 |
| 01/05/2018 | RC | Call with Plaintiff re: mediation. | 0.1 | $225.00 | $22.50 |
| 01/04/2018 | MS | review pre-mediation statement | 1.2 | $400.00 | $480.00 |
| 01/04/2018 | RC | Finalize and send pre-mediation statement. | 0.3 | $225.00 | $67.50 |
| 01/03/2018 | RC | Draft pre-mediation statement. | 0.8 | $225.00 | $180.00 |
| 12/06/2017 | RC | Calls with Katie (Kenneth Ho's office). | 0.1 | $225.00 | $22.50 |
| 10/30/2017 | RC | Meet with Plaintiff and send signed interrogatories to opposing counsel. | 0.3 | $225.00 | $67.50 |
| 10/26/2017 | RC | Call with Zhaolin Liang to check interrogatory responses. | 0.1 | $225.00 | $22.50 |
| 10/24/2017 | RC | Call with Zhaolin Liang. | 0.1 | $225.00 | $22.50 |
| 10/24/2017 | RC | Draft interrogatory responses. | 0.6 | $225.00 | $135.00 |
| 09/12/2017 | RC | Damage calculation. | 0.3 | $225.00 | $67.50 |
| 08/28/2017 | RC | Review answer. | 0.1 | $225.00 | $22.50 |
| 07/24/2017 | RC | File complaint. | 0.6 | $225.00 | $135.00 |
| 07/24/2017 | RC | Revise complaint. | 0.6 | $225.00 | $135.00 |

| 07/24/2017 | RC | Review complaint. | 0.5 | $225.00 | $112.50 |
| 05/02/2017 | MS | Meet with client; review complaint. | 1.9 | $400.00 | $760.00 |
| 05/02/2017 | RC | Review Jing's draft complaint. | 0.5 | $225.00 | $112.50 |
| | | | | | **$5,025.00** |

Although our lodestar calculation falls below the fees awarded in this settlement, we have a standard retainer agreement with Plaintiff that allows us 1/3 of any possible recovery in this case. Based on our firm's experience in handling FLSA matters, the provision of 1/3 of a settlement is a standard arrangement in this District, and is routinely approved by courts in this Circuit, particularly for attorneys with relevant experience and expertise. *See, e.g.*, *Cortes v. New Creators, Inc*., 2016 WL 3455383, at *5 (S.D.N.Y. June 20, 2016) (holding fee award of one-third of settlement "consistent with 'contingency fees that are commonly accepted in the Second Circuit in FLSA cases.'" (quoting *Najera v. Royal Bedding Co*., 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015)); *Mireku v. Red Vision Sys., Inc*., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (finding that where, as here, the fee award is consensual since "Plaintiff has explicitly approved the agreement, including the amount of fees to her counsel" the award should be approved); *Garcia v. Pancho Villa's of Huntington Village, Inc*., 2012 U.S. Dist. LEXIS 144446, at *21 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"); *see also Porzig v. Dresdner, Kleinwort, Benson, North America LLC*, 497 F.3d 133, 141 n.4 (2d Cir. 2007) ("any attorney's fee ultimately belongs to [plaintiff], the client, and not the attorney," and courts "assume[s] the attorney and client will settle the distribution of the attorney's fees . . . according to their own contract terms, which are beyond the province of this Court") (citations omitted).

Finally, we point out that, consistent with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015), this Agreement does not contain a general release of Plaintiff's claims or a confidentiality provision regarding the litigation.

For all of the reasons set forth above, the parties request that the Court approve the settlement agreement attached hereto and enter the stipulation of dismissal filed herewith. We hope that this letter provides the Court with the information that it needs to assess the fairness of this settlement. We are available at the Court's convenience should the Court have any questions regarding the contents of this letter, or if the Court requires any additional information or documentation.

                                        Respectfully submitted,

                                        /s/ *Michael Samuel*
                                        Michael Samuel, Esq.

Enc.

cc: Kenneth K. Ho, Esq. (via ECF)